FILED
2016 Feb-23 AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| DWIGHT DION LAMPKIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number: 5:15-cv-00861-JHH-JHE |
| | ) |
| WARDEN PHYLLIS BILLUPS and THE | ) |
| ATTORNEY GENERAL FOR THE | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On February 10, 2016, the magistrate judge entered a Report and Recommendation, recommending that this petition for writ of habeas corpus be dismissed as time-barred and failing to state a claim for habeas relief. (Doc. 12). Petitioner Dwight Dion Lampkin has filed objections. (Doc. 13).

Lampkin first objects to the magistrate judge's conclusion his petition is untimely because, as Lampkin extensively argues, a substantive due process claim that he was tried while incompetent cannot be procedurally defaulted. (Doc. 13 at 1). He also acknowledges, however, that the magistrate judge stated as much in his report and recommendation. (*Id.* at 2) (citing doc. 12 at 5). Because the magistrate judge agreed with Lampkin that a substantive due process incompetency claim cannot be procedurally defaulted, there is no objection here, and Lampkin's objection to the untimeliness finding, at least on that basis, is **OVERRULED**.

Lampkin's second objection is to the magistrate judge's finding that Lampkin did not establish a substantive due process claim. (*Id.* at 2). He quotes extensively from *Cooper v. Oklahoma*, 517 U.S. 348 (1996), for the proposition a court may not require "a criminal defendant

to demonstrate incompetence by clear and convincing evidence, as a safeguard for the protection of the fundamental right" not to stand trial while incompetent. (Doc. 13 at 2). He then points out that his instant habeas claim revolves around the Rule 32 court using a clear-and-convincing-evidence standard after a hearing on his substantive due process competency claim. (*Id.* at 3-4). Lastly, he points to the ways in which he asserted his instant claim as a substantive due process competency claim. (*Id.* at 4). The problem with this assertion is exactly as the magistrate judge concluded in his report and recommendation, (doc. 12 at 4-5): a claim for constitutional violations in a collateral proceeding do not state a claim for habeas relief, *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004), and Lampkin's assertion a judge in a collateral proceeding used the wrong standard does not state a claim he was *tried* while incompetent in the underlying trial, *see McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001) (distinguishing procedural and substantive competency claims), which is the claim that he could bring despite a procedural bar, *see Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. 1995). This objection is **OVERRULED**.

Lampkin's third objection is a subset of the previous objection in that it challenges the magistrate judge's finding that, because Lampkin's claim addressed the standard the Rule 32 court used, it was not a substantive due process competency claim. (Doc. 13 at 4-5). Lampkin contends that, because one of the two claims the Rule 32 court addressed was whether he had been incompetent to stand trial, his Rule 32 petition clearly addressed his competency to stand trial. (*Id.* at 5). He restates the *Cooper* standard and concludes that "in order for [him] to show evidence to support [his] substantive competency claim at trial, [he] has to present evidence of [his] Rule 32 hearing which addressed [his] substantive competency claim that [he] was tried while incompetent." (*Id.* at 6). In the end, he concludes:

> So once the record established that petition[er] raised the issue on his [R]ule 32 that he was incompetent at trial during petitioner's pleas and sentence, once the [R]ule 32 trial court gave petitioner a competence hearing on the claim, once the Rule 32 trial [court] required petitioner to establish incompetence by the clear and convincing evidence standard, once the Rule 32 trial court deemed that Petitioner fail[ed] to meet his clear and convincing evidence standard, that Rule 32 trial court hearing produced an inconclusive determination of competence, which established that petitioner was in fact incompetent to stand trial and prohibited by the substantive due process right, which states, "defendant can only be tried while competent."

(Doc. 13 at 7) (citing *Cooper*). As with the previous objection, this objection misses the point. The fact that his Rule 32 petition was addressing his competency to stand trial does not mean that this habeas petition asserting the Rule 32 court used the wrong standard also addresses his competency to stand trial. Other than conclusory statements in his petition, stating, "[m]entally incompetent to stand trial and to be sentenced" and "Substantive Due Process right to not be tried while mentally incompetent," Lampkin does not make any factual allegations in this habeas petition about his competency at the time of his trial. (*See* doc. 1 at 3, 5, 8-14). Therefore, as the magistrate judge concluded, (doc. 12 at 6), Lampkin has not made a substantive due process claim in this Court. Only a claim raised in this Court based on allegations about his competency *at the time of trial* would entitle him to a merits review despite the procedural bar. *See Medina*, 59 F.3d at 1111. Because Lampkin has not raised that claim, his petition raising issues from a collateral proceeding does not state a claim for habeas relief and, if it did, would be time-barred. This objection is **OVERRULED**.

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this the  23rd   day of February, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE